Joseph Uditsky et al.
vs. } Eq. No. 8438
Abraham D. Freedman et al.

February 5, 1929.

BAKER, J.   Final hearing.

In this bill the complainants are seeking to have the Court declare a constructive trust in favor of the complainant Rose to the extent of a one-half interest in certain residence property situated in Providence. The complainants are father and daughter. The respondents are brothers.

The complainant, Rose Freedman some few years ago was married to the respondent Abraham D. Freedman, but they are not at the present time living together, having been separated by a decision of this Court after a hearing on a bed and board petition, by the terms of which the respondent Abraham is paying to his former wife certain weekly allowances for the support of herself and child.

The evidence shows that the property in question was purchased October 2, 1924, title being taken in the name of the respondent Abraham. Thereafter, he transferred the property, prior to his marriage, to his brother, Hyman, on December 4, 1924, the deed being recorded March 26, 1926. Hyman now has title to said property and claims it as his own.

The first issue on the testimony relates to the question of fact as to whether or not the respondent Abraham has any interest in this property.

The respondents contend that Hyman had been desirous of purchasing the premises for some time, but that when the opportunity came, he did not take title in his own name, because of certain threatened legal proceedings, but took title in the name of his brother, Abraham. Later the property was conveyed by the latter to Hyman but the deed was not recorded for some considerable period.

The complainants insist that the property has actually belonged to Abraham from the beginning and that the conveyance to Hyman was without consideration and merely colorable and for the purpose of permitting Abraham to evade his responsibilities, and that, as a matter of fact, the property now actually belongs to him.

The complainants also say that the only reasonable deduction from the testimony is that the respondent Abraham bought the premises in contemplation of marriage in order to make a home for himself and his wife.

The evidence bearing on this question relating to ownership is quite conflicting. It appears that the respondents do business as Freedman Brothers and that the respondent Abraham has no separate bank account. This brings about more or less confusion and makes it very difficult to determine the actual facts. The Court is compelled to arrive at its conclusions largely through the reasonable probabilities of the situation. A consideration and weighing of all the testimony on this point leads the Court to believe that the complainants have a reasonable ground for urging that the respondent Abraham has a present interest in the premises and that the conveyance to Hyman was more or less colorable.

The Court is inclined to believe that the weight of the testimony on this point bears out the complainants' contentions. In this connection the Court may, perhaps, refer to the evidence relating to the building of the garage, the care and renting of the property, and statements made by the various parties in interest.

Assuming, however, that the respondent Abraham still has an actual interest in these premises, the complainants must, of course, go further before being entitled to the relief they ask for. They base their claim that the Court should find a constructive trust in one-half of this property in favor of the complainant Rose on the theory that the testimony shows that at some time prior to the marriage an understanding was arrived at between the respondent Abraham and the complainant, Mr. Uditsky, whereby the former was to purchase the property involved in this case for the sum of $14,000; that the respondent Abraham needed $3,500 to complete the purchase, there being a mortgage of $10,500 on the premises; that the agreement was that Mr. Uditsky should advance this money on the understanding that the title to the property would be held jointly in the names of the complainant Rose and the respondent Abraham, and that the latter would make the transfer after the marriage, as his business rating might be affected if it was done prior thereto.

The respondent Abraham denies any such arrangement and says that the $3,500 given him by Mr. Uditsky was in the nature of an engagement or a marriage gift and was later followed by another payment of $1,500, and that these sums, with the knowledge and understanding of Mr. Uditsky, were used in paying for furniture and furnishings for the house and for other matters incident to the wedding. Witnesses were produced by both sides, most of them more or less interested.

Unquestionably the respondents did not make a very favorable impression under cross-examination. However, the evidence, which it is hard to dispute because it is in the form of checks, would seem to bear out the respondents' claim in this connection. It is almost beyond dispute that none of the $3,500 advanced by Mr. Uditsky went into the purchase of the house. The property was bought October 2, 1924. Rose and Abraham became engaged October 19, 1924, and the check of $3,500 bears date of October 18, 1924, and was not deposited by the respondent Abraham until October 31, 1924, and passed through clearing November 3, 1924. This would seem to show conclusively that none of this money went into the purchase of the premises in question and that the respondent Abraham's testimony that Mr. Uditsky said he would give him $3,500 upon the engagement and $1,500 later is corroborated. Of course, the evidence does show that the house was purchased with funds from the account of Freedman Brothers prior to October 2, 1924, and also that this check was eventually deposited in the account of Freedman Brothers, because, as Abraham said, he had no separate account. The testimony does seem to indicate, however, that this $3,500 was checked out in paying for the diamond ring and in making payments on furniture for the house.

Ordinarily, in order to maintain a constructive or resulting trust, the complainants, as part of their case, are required to trace the funds into the property involved. The law governing resulting trusts is carefully considered in the case of *Reynolds* vs. *Blaisdell*, 23 R. I. 16. See also 39 Cyc. 129.

It seems clear that the burden of proof is on the person seeking to establish such trust, and the evidence introduced in support of the claim must be clear, full and satisfactory.

In this case, after weighing the evidence with care, the Court finds that

the testimony relating to the agreement or understanding which the complainants urge was entered into in connection with the payment of the $3,500 is not so clear, full and certain as to justify the Court in holding that there should be a constructive trust in favor of the complainant Rose in the property involved. The evidence relating to the manner and circumstances of the payment of this $3,500 is most conflicting, being given largely by interested witnesses, or those related to the parties. The Court feels that on the whole the circumstances and facts tend to corroborate the respondent Abraham's claim that the money was paid for the purchase of furniture or as a marriage gift. This being so, and it appearing quite clearly that none of the $3,500 went into the purchase of the house involved in this case, the Court is of the opinion that the complainants have failed to sustain the burden of proof necessary to warrant the Court in finding in their favor.

It would appear that Mr. Uditsky, upon the marriage of his daughter, Rose, was willing to give her and her future husband, by way of a dowry or marriage gift, the sum of $5,000 in order that they might be comfortably situated after the marriage. If no trouble had come, the Court doubts if anything further would have been heard in this connection. It should be noted that even after the complainants discovered that the title to the house was in the respondent Hyman nothing definite was done to bring about a change until after the divorce proceedings. It would rather appear that the marriage having unfortunately not been very successful, the complainants are now seeking, by means of this bill asking for the imposition of a constructive trust on this property, to recover as much as possible of the money advanced to the young people at the time of the engagement and wedding.

The prayers of the bill are denied and the bill is dismissed.

For complainants: Clason, Brereton & Kinsley.

For respondents: Robinson & Robinson.